Gregory D. Phillips (4645)
Scott R. Ryther (5540)
Cody W. Zumwalt (7197)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, UT 84102
Telephone: (801) 366-7471
Facsimile: (801) 366-7706

Attorneys for Plaintiff
Ford Motor Company

FILED
U.S. DISTRICT COURT

2005 NOV 10  A 10: 02

RECEIVED CLERK

NOV 0 8 2005

U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**FABTECH MANUFACTURING, INC., d/b/a FIRE AND ICE MOTORSPORTS**, a Utah corporation,<br><br>　　　　　　　　Defendant. | Civil No. 2:05-CV-00719 DB |

### FINAL JUDGMENT AND PERMANENT INJUNCTION

#### I.   INTRODUCTION

Plaintiff Ford Motor Company ("Ford" or "Plaintiff") brought this action against Defendant Fabtech Manufacturing, Inc. ("Fabtech" or "Defendant") to enjoin Fabtech from infringing Ford's rights by manufacturing and selling aftermarket automobile accessories bearing counterfeits of Ford's famous design trademarks, including Ford's famous FORD BLUE OVAL®, FORD STYLIZED®, and MUSTANG RUNNING PONY® design trademarks, and to enjoin Fabtech from featuring Ford's trademarks in its advertising and product descriptions.

Ford alleged claims for federal trademark counterfeiting and infringement, dilution, and

false designation of origin under §§ 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), and breach of an agreement signed by Fabtech that obligated Fabtech to desist from the unauthorized use of Ford's trademarks. The parties stipulate to the following findings of fact and conclusions of law, and consent to entry of a Permanent Injunction as set forth below. Accordingly, the Court enters the following:

## II. FINDINGS OF FACT

Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. Defendant Fabtech is a Utah corporation doing business under the name Fire and Ice Motorsports with its principal place of business located at 8415 South 700 West, #21, Sandy, Utah 84070.

Ford is one of the largest and most successful automobile manufacturers in the world, and the Ford trademarks at issue in this case, namely, FORD®, FORD STYLIZED® (design consisting of "Ford" in stylized script), FORD BLUE OVAL® (design consisting of "Ford" in stylized script within an oval), MUSTANG®, and MUSTANG RUNNING PONY® (design consisting of running mustang) (collectively, the "Ford Marks"), are among the most famous and well known trademarks on the planet. Ford has long used the Ford Marks in connection with Ford's high-quality automobiles, parts, and services. The trademark registrations that Ford has obtained for the Ford Marks from the United States Patent and Trademark Office are valid, subsisting, and incontestable.

Ford used the Ford Marks in connection with Ford's automobiles, parts, and services long before Fabtech made any use of the marks. Ford has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing the Ford Marks

throughout the United States and the world. As a result of such advertising and expenditures, Ford has established considerable goodwill in the marks. The Ford Marks are famous and distinctive, and have come to be associated by the consuming public exclusively with Ford's products and services.

Fabtech is not affiliated with Ford in any way and has no authority to use the Ford Marks in commerce. In early 2005, Ford learned that Fabtech was selling a variety of aftermarket automobile accessories bearing counterfeits of the Ford Marks, including, for example, chrome gas door covers with FORD STYLIZED® laser cut in the chrome and chrome grilles featuring the FORD BLUE OVAL®. After Ford contacted Fabtech to object, on February 21, 2005, Fabtech signed a settlement agreement pursuant to which, among other things, Fabtech warranted that Fabtech would cease immediately from any unauthorized use of any Ford trademarks, including any unauthorized use of any Ford trademarks in its advertisements and product descriptions. In spite of its lack of authorization to use Ford's trademarks and in violation of its obligations under the settlement agreement, Fabtech continued to use the Ford Marks to advertise and promote its goods. In particular, Fabtech prominently featured images of FORD BLUE OVAL® automobile badges in photographs of its grilles, chrome decals, and chrome bumpers and prominently featured Ford trademarks in its product names and descriptions. For example, Fabtech prominently described its decals as "Ford Super Duty Chrome Decals."

Consumers and the public are likely to assume that parts or products like the grilles and decals sold by Fabtech are manufactured or authorized by Ford. In short, confusion as to the source, sponsorship, or endorsement of Fabtech's products is likely due to Fabtech's unauthorized use of Ford's trademarks on its products or due to the prominence with which

Ford's trademarks are featured by Fabtech in its product names and descriptions.

## II. CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over Ford's federal claims under 28 U.S.C. §§ 1331 and 1338(a) as such claims for relief are brought under federal trademark laws, specifically §§ 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has supplemental subject matter jurisdiction over Ford's Fourth Claim for relief under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) (1) and (2).

Ford's registrations of the trademarks FORD® (Reg. No. 0,643,185), FORD STYLIZED® (Reg. No. 0,074,530), FORD BLUE OVAL® (Reg. No. 2,067,343), MUSTANG® (Reg. No. 1,467,208), and MUSTANG RUNNING PONY® (Reg. No. 1,686,288) are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Ford's exclusive ownership of the marks.

Ford's registration and use of the Ford Marks in connection with the automotive products and services that Ford markets establish Ford's exclusive right to use such trademarks. 15 U.S.C. § 1115(a); *Ford Motor Company v. Ford Financial Solutions, Inc.*, 103 F.Supp.2d 1126, 1128 (N.D. Iowa 2000); *United We Stand America, Inc. v. United We Stand, American New York, Inc.*, 128 F.3d 86, 93 (2d Cir. 1997). This exclusive right empowers Ford to prevent third parties from using any name or mark that is likely to cause confusion with the Ford Marks. 15 U.S.C. §§ 1114 and 1116; *Ford Motor*, 103 F.Supp.2d at 1128.

An automobile manufacturer has the right to prohibit the use of its trademarks in connection with the business of another who provides parts or services for vehicles. *See Porsche Cars North America, Inc. v. Manny's Porshop, Inc.*, 972 F. Supp. 1128 (N.D. Ill. 1997) (enjoining use of the name "Porshop" in name of automobile repair shop specializing in repair of Porsche cars); *Volkswagenwerk A.G. v. Brewer*, 170 U.S.P.Q. 560 (D. Ariz. 1971) (enjoining use of name "Volkscity Service Center" by repair shop specializing in servicing Volkswagens); *Volkswagenwerk A.G. v. Karadizian*, 170 U.S.P.Q. 565 (C.D. Cal. 1971) (enjoining use of name

"Volkswagen Village" on used car outlet, despite defendant's use of disclaimer stating "Used cars only; not a franchised Volkswagen dealer"); *Ford Motor Co. v. Helms*, 25 F. Supp. 698 (E.D.N.Y. 1938) (enjoining use of FORD trademark on signage of independent dealer); *Ford Motor Co. v. Benjamin E. Boone, Inc.*, 244 F. 335 (9th Cir. 1917) (enjoining use of the name "Ford Auto Agency" on signage of independent dealer). "[C]ourts have repeatedly held ... shops to be guilty of trademark infringement or unfair competition where ... such establishments use or imitate the manufacturer's name or mark in their trade names," *Porsche Cars*, 972 F. Supp. 1128, 1131 (quoting *Dr. Ing. h.c.F. Porsche AG v. Zim*, 481 F.Supp. 1247, 1250 (N.D. Tex. 1979)), because consumers naturally assume that the independent shop is affiliated with or somehow sponsored by the manufacturer.

Ford's claim for false designation of origin and false advertising requires proof only of the likelihood of confusion. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) ("'the ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'"). Thus, Ford's demonstration of a likelihood of confusion establishes not only Ford's trademark infringement claim, but also its claim for false designation of origin.

Fabtech's use of the Ford Marks also dilutes the distinctive quality of the marks. Dilution is the "lessening of the capacity of a famous mark to identify and distinguish goods or services." 15 U.S.C. § 1125(c). *See Ford Motor*, 103 F.Supp.2d at 1129. Because Ford has spent hundreds of millions of dollars in advertising and promoting the Ford Marks, the Court has determined that these marks are famous for purposes of dilution analysis.

When identical marks are used on similar goods, dilution—the capacity of the famous mark to identify and distinguish the goods of the trademark holder—obviously occurs. *See, e.g., Moseley v. V. Secret Catalogue, Inc.*, 123 S.Ct. 1115, 1125 (2003) ("It may well be, however, that direct evidence of dilution such as consumer surveys will not be necessary if actual dilution can reliably be proved through circumstantial evidence—the obvious case is one where the junior

5

and senior marks are identical."); *see also Ford Motor Co. v. Lloyd Design Corp.*, 184 F.Supp.2d 665, 680 (E.D. Mich. 2002) ("The closer the junior user comes to the senior's area of commerce, the more likely it is that dilution will result from the use of a similar mark.").

Thus, Fabtech's use of the Ford Marks, as discussed above, constitutes trademark dilution, trademark infringement, and false designation of origin.

Furthermore, Fabtech breached the settlement agreement signed by Casey Balding on February 21, 2005, by using the Ford Marks in its product marketing and advertising without Ford's authorization.

### III. JUDGMENT AND PERMANENT INJUNCTION

Based on the foregoing, IT IS HEREBY ORDERED that an entry of judgment be entered in this action in favor of Ford, against Defendant, as follows:

1. Defendant, and all of Defendant's agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of this Order, are permanently enjoined from, without permission from Ford:

    (a) imitating, copying, applying, or otherwise making use of in connection with any goods in commerce, any of Ford's trademarks, which include, but are not limited to, FORD® (Reg. No. 0,643,185), FORD STYLIZED® (Reg. No. 0,074,530), FORD BLUE OVAL® (Reg. No. 2,067,343), MUSTANG® (Reg. No. 1,467,208), and MUSTANG RUNNING PONY® (Reg. No. 1,686,288);

    (b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product in the form of or using or bearing any simulation, reproduction, counterfeit, copy, or colorable

imitation of any or all of the Ford Marks;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of any Ford Mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product, in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to Ford, or to any goods sold, manufactured, sponsored, or approved by, or connected with, Ford;

(d) using any false designation of origin or false description, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendant is in any manner associated or connected with Ford, or is sold, manufactured, licensed, sponsored, approved, or authorized by Ford;

(e) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control in the form of or bearing a design or mark substantially identical to any or all of the Ford Marks; and

(f) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Without written permission from Ford, Defendant shall not retain in its possession or control any products, labels, tags, signs, prints, packages, videos, photos, advertisements, computer program files, electronic images, plates, molds, or matrices that depict, bear, use, or enable the unauthorized reproduction of any of the Ford Marks or any colorable imitation of any

of the Ford Marks, all pursuant to 15 U.S.C. § 1118.

    SO ORDERED AND ADJUDGED.

    DATED: _November 9_, 2005.

                                         _Dee Benson_
                                         DEE V. BENSON
                                         UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO:

**FABTECH MANUFACTURING, INC.**

_Casey Balding_
Casey Balding, President & Owner
Fabtech Manufacturing, Inc.
8415 South 700 West, #21
Sandy, UT 84070

**HOWARD, PHILLIPS & ANDERSEN**

_Cody Zumwalt_
Gregory D. Phillips (USB No. 4645)
Cody W. Zumwalt (USB No. 7197)
560 East 200 South, Suite 300
Salt Lake City, UT 84102
Telephone: (801) 366-7471
Facsimile:  (801) 366-7706

*Attorneys for Plaintiff*
*Ford Motor Company*